IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ZACHERY CLAYTON WALKER   )
             )
  v.         )  NO.  3:16-1661
             )
SONYA TROUTT      )


TO:  Honorable Gershwin A. Drain, District Judge


## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 21, 2016 (Docket Entry No. 8), this action was referred to the

Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b)

of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry

No. 52) filed by Defendant Sonya Troutt.  Plaintiff has not responded to the motion.  For the reasons

set out below, the undersigned Magistrate Judge  recommends that the motion be granted and this

action be dismissed.


## I.  BACKGROUND

Zachary Walker ("Plaintiff") is currently a prisoner confined within the Florida Department

of Corrections.[1]   During 2016, he was confined in the Sumner County Jail ("Jail") in Gallatin,

Tennessee after he was arrested and charged with violation of his probation.  While at the Jail, he was

---

[1] *See* Docket Entry No. 56.

informed that Bay County, Florida had issued a detainer for him for criminal proceedings in Florida and that he would be transferred to Bay County, Florida when his confinement in Sumner County ended. On January 25, 2017, Plaintiff was released from the Jail and transferred to Bay County, Florida.[2]

While at the Jail, Plaintiff filed this *pro se* and *in forma pauperis* lawsuit on July 5, 2016, against Jail Administrator Sonya Troutt ("Defendant"), seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional right of access to the courts. By Order entered July 7, 2016 (Docket Entry No. 3), the Court ordered Plaintiff to submit an amended complaint clarifying the basis for his lawsuit. Plaintiff thereafter filed an amended complaint (Docket Entry No. 7), and the Court found that Plaintiff stated a colorable constitutional claim that his right of access to the courts was being violated by the Jail's policies and directed that process issue to Defendant. *See* Docket Entry No. 8 at 4-5.

Although the Court found that the lawsuit was adequate to survive initial frivolity review, Defendant challenged the sufficiency of Plaintiff's pleadings through a series of motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Docket Entry Nos. 18, 31, and 37. In response, Plaintiff repeatedly sought to amend his pleadings. *See* Docket Entry Nos. 22, 26, 36, and 39. The motions to dismiss were denied without prejudice, and Plaintiff was given leave to amend his complaint a final time. *See* Order entered October 26, 2016 (Docket Entry No. 40).

In his final amended complaint, Plaintiff alleges that he began making requests to Jail staff for "legal documents for extradition" on March 22, 2016. *See* Third Amended Complaint (Docket Entry No. 42) at 2. He alleges that over the course of the next several months, he made unsuccessful

---

[2] *See* Plaintiff's Deposition (Docket Entry No. 52-2) at 8.

requests for "legal paperwork that shows the federal laws for extradition," "a copy of the constitution," and "a copy of all the extradition laws including the time laws from when I signed my extradition papers." *Id*. at 2-3. Plaintiff asserts that he has concurrent criminal sentences in both Florida and Tennessee, going back to at least 2011, and has violated his probation in both states because of a "change of address." *Id*. at 4. Believing that he may not be receiving the proper credits towards his Florida sentence for the time of his confinement in Sumner County, he asserts that he needed the requested legal information to "get all of my jail credit and also fight my extradition" *Id*. at 4-5. Plaintiff alleges that Defendant Troutt is personally responsible and that he was told to consult with his attorney about the requested information, to get on the internet, or to use the legal research tool that was being installed at the Jail. *Id*. at 2-5. Plaintiff seeks the following relief: 1) a transfer to a facility that has an adequate law library and persons trained in the law; 2) credit towards his Florida sentence for the time served at the Jail; and 3) $25,000.00 for "pain and suffering, mental anguish." *Id*. at 3.

Upon Defendant's answer, a scheduling order was entered that provided the parties with a period for pretrial discovery. *See* Docket Entry Nos. 43 and 46. All deadlines in the scheduling order have now expired. Plaintiff's most recent filing with the Court was on March 3, 2017, when he filed a change of address notice indicating his transfer to the Bay County Jail. *See* Docket Entry No. 51.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the merits of Plaintiff's constitutional claim. Defendant contends that Plaintiff testified during his deposition that he was actually provided with copies of case law, copies of the United States and Tennessee Constitutions, and with stamps, envelopes, pens, pencils, and paper at the Jail. Defendant

contends that Plaintiff testified that he was able to search case law, statutes, and other legal materials when the electronic kiosks located in the Jail were upgraded with a legal research tool on or about August 16, 2016. Defendant contends that Plaintiff also acknowledged that he was represented by two different criminal defense attorneys at the relevant time and that it would be impossible for Defendant to have provided him with all the laws regarding extradition. Relying on the declaration of Assistant Jail Administrator Doug Canter (Docket Entry No. 52-1) and excerpts from Plaintiff's deposition (Docket Entry No. 52-2), Defendant contends that the undisputed evidence shows that Plaintiff was provided with meaningful access to the courts and that he did not suffer any actual injury that would support a First Amendment claim.

By Order entered April 25, 2017 (Docket Entry No. 55), Plaintiff was given a deadline of June 16, 2017, to respond to the motion for summary judgment and was advised that his failure to file a timely response could result in the dismissal of this action. When the copy of the Court's April 25, 2017, Order sent to Plaintiff at the Bay County Jail was returned as undeliverable, the Court directed the Clerk to resend a copy of the order to Plaintiff at his Florida Department of Corrections address, an address that was provided to the Court by Defendant. *See* Order entered May 8, 2017 (Docket Entry No. 57). Plaintiff has not filed any type of response to the motion for summary judgment.

## III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial,

4

could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003).

## IV. ANALYSIS AND CONCLUSIONS

As an initial matter, the Court notes that the actual relief requested by Plaintiff cannot be granted in this lawsuit. Plaintiff is no longer held at the Jail. Thus, his request for injunctive relief to be transferred from the Jail to another facility has become moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

5

The Court also has no ability in the context of an action brought under 42 U.S.C. § 1983 to direct that Plaintiff receive sentence credits that would reduce or impact the criminal sentence he is serving. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Any relief that would impact the length of Plaintiff's criminal sentence in Florida must be pursued via an action in the courts of Florida or through a federal habeas corpus proceeding.

Finally, Plaintiff testified in his deposition that he no longer wishes to pursue a claim for monetary damages.[3] Regardless, damages for mental anguish is not a viable remedy given Plaintiff's allegations. The Prison Litigation Reform Act provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has not shown that he suffered any physical injury because of the alleged wrongdoing.

Turning now to the merits of Plaintiff's constitutional claim, the Court finds that there is insufficient evidence before the Court upon which a reasonable jury could find in favor of Plaintiff. Although the allegations in the Complaint were sufficient to permit the case to survive frivolity review under 28 U.S.C.§§ 1915 and 1915A, Plaintiff has not rebutted the motion for summary judgment by setting forth admissible evidence showing that genuine issues of material fact exist that require the action to proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989); *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). Plaintiff bears the burden to point to specific admissible evidence that supports his claims. *Lujan v. National Wildlife*

_____

[3] *See* Docket Entry No. 52-2 at 17.

*Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Banks*, 330 F.3d at 892. He has not done so in this action.

Although prison inmates retain a First Amendment right of access to the courts despite their incarceration, *Bounds v. Smith*, 430 U.S. 817, 821-24, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), this right is limited in scope and does not protect inmates from every hinderance to litigation that may be a consequence of being confined. *See Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Defendant's undisputed evidence shows that Plaintiff was provided with writing and mailing material, legal materials, and access to a system to engage in legal research. The undisputed evidence also shows that Plaintiff was, in fact, represented at the time by two different criminal defense attorneys for matters related to or pertaining to his confinement. Finally, there is no evidence before the Court that Plaintiff was actually prevented or hindered in his ability to pursue a legal claim related to either his extradition or his sentence credits. Indeed, there is nothing before the Court showing that Plaintiff even made an attempt to pursue any legal action on these matters. In order to state a constitutional claim for interference with access to the courts, Plaintiff must show actual injury because of the alleged shortcomings at the Jail. *See Harbin–Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Plaintiff has not met this necessary showing.

Given the undisputed evidence before the Court, no reasonable jury could find in favor of Plaintiff on his constitutional claim, and Defendant is entitled to summary judgment in her favor on

the merits. Any factual disputes that exist do not rise to the level of genuine issues of material fact that require resolution at trial.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 52) filed by Defendant Sonya Troutt be GRANTED and that this action be DISMISSED WITH PREJUDICE in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

8